STATE OF NORTH CAROLINA v. TONY WAYNE DORTON, Defendant

No. COA06-405

(Filed 6 March 2007)

**1. Appeal and Error— trial court authority between Court of Appeals mandate and Supreme Court discretionary review response**

The trial court had jurisdiction to conduct a resentencing hearing between remand from the Court of Appeals to the trial court and the determination of defendant's petition to the Supreme Court for discretionary review of the Court of Appeals decision. The Court of Appeals mandate had issued, and defendant did not seek a writ of supersedeas to stay the effect of the mandate. The Superior Court was statutorily required to comply with the mandate.

**2. Constitutional Law— waiver of counsel—withdrawal**

The trial court did not err at a resentencing hearing by not asking whether defendant wished to withdraw his prior waiver of counsel. It is defendant's responsibility to tell the court if he changes his mind and wishes to have counsel.

**3. Criminal Law— law of the case—sentencing—neither presented nor necessary to prior appeal**

The law of the case doctrine did not preclude a challenge by the State to defendant's prior record level where the State could have raised the record level determination in a prior appeal but did not. The calculation of defendant's prior record level was neither presented nor necessary to the determination of the prior appeal.

**4. Criminal Law— rule of lenity—not applicable—no ambiguity or increased penalty**

The rule of lenity did not bar the State from raising an issue about defendant's prior record level by post-trial motion where

the State could have challenged that determination on direct appeal. The rule of lenity is a rule of statutory construction that requires ambiguity, .and applies even then only when the ambiguity potentially increases the penalty to which a defendant is exposed.

**5. Appeal and Error— preservation of issues—authority to support proposition—necessary**

A lack of cited authority resulted in the Court of Appeals not addressing the argument that the State was required to give written notice of intent to submit an additional prior conviction after sentencing. Moreover, resentencing during the same session of court, even with new evidence, does not require a written motion.

**6. Sentencing— judgment reopened—prior record level raised—same term of court**

The trial court did not err by modifying a resentencing judgment to raise the prior record level after the State moved to reopen when it became aware of another prior offense. The modification occurred during the same term of court.

**7. Sentencing— greater sentence after remand—*Blakely* error—sentence not actually greater**

Defendant's sentence was not impermissibly more severe after remand for a *Blakely* error where the sentence was for 92 to 120 months and defendant was ultimately resentenced to 91 to 119 months.

**8. Sentencing—'findings not made on mitigating factors—presumptive range**

The trial court did not err by not making findings on defendant's proposed mitigating factors where defendant was sentenced within the presumptive range.

**9. Criminal Law— motion for appropriate relief on appeal— evidentiary hearing necessary**

A motion for appropriate relief could not be determined on appeal where defendant alleged an agreement with the prosecutor that was not in the record. An evidentiary hearing was required to resolve the issue.

Appeal by defendant from judgment entered 28 September 2005 by Judge B. Craig Ellis in Scotland County Superior Court. Heard in the Court of Appeals 16 November 2006.

*Attorney General Roy Cooper, by Assistant Attorney General Laura J. Gendy, for the State.*

*Daniel F. Read for defendant-appellant*

GEER, Judge.

Defendant Tony Wayne Dorton appeals from a judgment of the superior court resentencing him pursuant to this Court's decision in *State v. Dorton*, 172 N.C. App. 759, 617 S.E.2d 97 (hereinafter *"Dorton I"*), *disc. review denied*, 360 N.C. 69, 623 S.E.2d 775 (2005). In *Dorton I*, this Court found no error as to defendant's trial, but remanded for resentencing in light of the United States Supreme Court's holding in *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403, 124 S. Ct. 2531 (2004). *Dorton I*, 172 N.C. App. at 771, 617 S.E.2d at 105.

Two days after defendant was resentenced within the presumptive range for offenders with a prior record level of I, defendant was brought back into court, and the State presented evidence of a prior assault conviction of which the State claimed to have been previously unaware. The trial court resentenced defendant again, but this time within the presumptive range for offenders with a prior record level of II. On appeal, defendant asserts various arguments contending that the trial court was barred from resentencing him as a prior record level of II. Because we find defendant's arguments unpersuasive, we affirm.

## Facts

A full recitation of the facts underlying defendant's conviction for second degree sexual offense—as a result of an incident involving his 16-year-old daughter—is set forth in *Dorton I*. Following defendant's conviction, the trial court concluded that defendant had a prior record level of I based upon a prior record level worksheet indicating defendant had no prior convictions other than routine traffic offenses. The trial court then found as an aggravating factor that defendant had taken advantage of his position of trust or confidence to commit the offense. The court further found as mitigating factors that defendant had a support system in the community and was suffering from both mental and physical conditions that, although insufficient to constitute a defense to the crime, significantly reduced his culpability.

After concluding that the factor in aggravation outweighed the factors in mitigation, the trial court sentenced defendant to an aggra-

**STATE v. DORTON**

[182 N.C. App. 34 (2007)]

vated range sentence of 92 to 120 months imprisonment. Defendant appealed and, in *Dorton I*, this Court found no error as to defendant's trial, but remanded for resentencing in light of *Blakely*.

The resentencing hearing was held before Judge B. Craig Ellis at the 26 September 2005 Criminal Session of Scotland County Superior Court. Defendant, who, on 20 September 2005, had executed a waiver of any counsel for the resentencing proceeding appeared unrepresented at the 26 September 2005 hearing. At that hearing, the State argued that defendant should be sentenced in the presumptive range while defendant urged, both in writing and orally, that the trial court find various mitigating factors and sentence him within the mitigated range. Still under the impression that defendant had a prior record level of I, the trial court resentenced defendant within the presumptive range for that level to a term of 73 to 97 months imprisonment.

Following a motion to re-open by the State, the trial court held another sentencing hearing two days later, still during the 26 September 2005 Criminal Session. At the 28 September 2005 hearing, the State presented evidence of defendant's 2002 conviction for assault on a female (02 CRS 52069). The State claimed it had previously been unaware of that conviction and argued that the assault on a female conviction elevated defendant's prior record level from a I to a II. After hearing arguments from both sides and accepting evidence as to the assault conviction, the trial court modified its 26 September 2005 judgment by resentencing defendant as a prior record level II to a presumptive range sentence of 91 to 119 months imprisonment. Defendant subsequently filed a motion "for correction of sentencing error/right to counsel," which the trial court denied. Defendant timely appealed to this Court.

I

[1] We first address defendant's jurisdictional argument that, because our Supreme Court had yet to rule on his petition for discretionary review following this Court's decision in *Dorton I*, the trial court lacked subject matter jurisdiction to hold any resentencing hearing.[1] "The general rule is that the jurisdiction of the trial court is divested when notice of appeal is given . . . ." *State v. Davis*, 123 N.C. App. 240, 242, 472 S.E.2d 392, 393 (1996).

---

1. We note that the State contends defendant's failure to assign error on this issue precludes appellate review. *See* N.C.R. App. P. 10(a). Even in the absence of an applicable assignment of error, however, "any party may present for review, by properly raising the issue in the brief, the question[] of whether the court had jurisdic-

Nevertheless, when a court of the appellate division files an opinion, that court's "clerk shall enter judgment and issue the mandate of the court 20 days after the written opinion of the court has been filed with the clerk." N.C.R. App. P. 32(b). Once this mandate issues, the clerk of the superior court "must file the directive of the appellate court and bring the directive to the attention of the district attorney or the court *for compliance with the directive.*" N.C. Gen. Stat. § 15A-1452(c) (2005) (emphasis added). If a party wishes to stay the effect of a mandate of this Court, "[a]pplication may be made . . . to the Supreme Court for a writ of supersedeas to stay the execution or enforcement of a judgment, order or other determination mandated by the Court of Appeals when a notice of appeal of right or a petition for discretionary review has been or will be timely filed . . . to obtain review of the decision of the Court of Appeals." N.C.R. App. P. 23(b).

In the present case, *Dorton I* was filed on 16 August 2005, the corresponding mandate was issued on 6 September 2005 and filed with the Scotland County Superior Court on 12 September 2005, and the resentencing hearings were held on 26 and 28 September 2005. Although defendant petitioned the Supreme Court for discretionary review under N.C.R. App. P. 15(a), nothing in the record indicates that defendant sought a writ of supersedeas under N.C.R. App. P. 23(b) to stay the effect of this Court's mandate. Absent such a stay, the superior court was statutorily required under N.C. Gen. Stat. § 15A-1452(c) to comply with the mandate of this Court, irrespective whether defendant's petition for discretionary review was still pending. The trial court, therefore, had jurisdiction to conduct the resentencing hearing.

II

[2] Defendant next argues that the trial court deprived him of his right to counsel in the second resentencing hearing by failing to conduct a "new inquiry" into defendant's prior waiver of counsel for resentencing. "Once given, a waiver of counsel is good and sufficient until the proceedings are terminated or until the defendant makes known to the court that he desires to withdraw the waiver and have counsel assigned to him." *State v. Hyatt,* 132 N.C. App. 697, 700, 513 S.E.2d 90, 93 (1999). Thus, it is the responsibility of the defendant to notify the court if he changes his mind and wishes to have counsel.

tion of the subject matter . . . ." *State v. Beaver,* 291 N.C. 137, 139, 229 S.E.2d 179, 181 (1976). Defendant argues the issue in his brief and, therefore, it is properly before this Court.

*See State v. Watson*, 21 N.C. App. 374, 379, 204 S.E.2d 537, 540-41 ("The burden of showing the change in the desire of the defendant for counsel rests upon the defendant."), *cert. denied*, 285 N.C. 595, 206 S.E.2d 866 (1974). This Court has previously held that, to satisfy this burden, "a criminal defendant must move the court for withdrawal of the waiver." *Hyatt*, 132 N.C. App. at 702, 513 S.E.2d at 94.

Here, defendant does not contest the validity of his original waiver of counsel for resentencing following *Dorton I*, which he signed just eight days prior to the second resentencing hearing, and defendant admits he "waived his right to appointed counsel." Defendant expressly confirmed at the initial resentencing hearing that he wished to represent himself and never moved at the second hearing to withdraw that waiver. Accordingly, we conclude that the trial court did not err by failing to inquire as to whether defendant wished to withdraw his prior waiver of counsel. *See id.* (holding trial court did not need to inquire whether defendant wished to withdraw previous waiver of counsel when defendant "never moved the court to withdraw his waiver").

III

[3] We turn now to defendant's argument that the State, by failing to appeal the trial court's determination of his prior record level in *Dorton I*, was precluded under the law of the case doctrine from challenging defendant's prior record level at resentencing. Defendant correctly notes that, although the State could have appealed the determination of his prior record level in *Dorton I*, it did not do so. *See* N.C. Gen. Stat. § 15A-1445(a)(3)(a) (2005) (State may appeal any sentence that "[r]esults from an incorrect determination of the defendant's prior record level").

Under the law of the case doctrine, "when an appellate court passes on a question and remands the cause for further proceedings, the questions there settled become the law of the case, both in subsequent proceedings in the trial court and on subsequent appeal, provided the same facts and the same questions which were determined in the previous appeal are involved in the second appeal." *Hayes v. City of Wilmington*, 243 N.C. 525, 536, 91 S.E.2d 673, 681-82 (1956). Although more prevalent in civil matters, this doctrine applies with equal force in criminal proceedings. *See, e.g., State v. Summers*, 351 N.C. 620, 622, 528 S.E.2d 17, 20 (2000); *State v. Boyd*, 148 N.C. App. 304, 308, 559 S.E.2d 1, 3 (2002).

This Court just recently considered, for the first time, "whether the 'law of the case doctrine' applies to 'matters which arose prior to the first appeal and which might have been raised thereon but were not.'" *Taylor v. Abernethy*, 174 N.C. App. 93, 102, 620 S.E.2d 242, 249 (2005) (quoting 5 Am. Jur. 2D *Appellate Review* § 608 (1995)), *cert. denied*, 360 N.C. 367, 630 S.E.2d 454 (2006). Contrary to defendant's position here, we concluded that the law of the case doctrine is "specifically limited . . . to points *actually presented and necessary for the determination of the case.*" *Id.* (emphasis added). As the proper calculation of defendant's prior record level was neither actually presented nor necessary to our determination in *Dorton I*, the law of the case doctrine cannot, under our holding in *Taylor*, preclude the State from raising the issue at resentencing. *See also Creech v. Melnik*, 147 N.C. App. 471, 474, 556 S.E.2d 587, 589 (2001) (holding doctrine did not apply to dicta in prior appellate opinions in the case, but only to issues that were in fact presented and necessary for decision), *disc. review denied*, 355 N.C. 490, 561 S.E.2d 498 (2002).

**[4]** Defendant alternatively argues that the rule of lenity requires this Court to bar the State from raising an issue regarding defendant's prior record level by post-trial motion when the State could have challenged that determination on direct appeal. "In general, when a criminal statute is unclear, the long-standing rule of lenity 'forbids a court to interpret a statute so as to increase the penalty that it places on an individual when the Legislature has not clearly stated such an intention.'" *State v. Crawford*, 167 N.C. App. 777, 780, 606 S.E.2d 375, 377-78 (quoting *State v. Boykin*, 78 N.C. App. 572, 577, 337 S.E.2d 678, 681 (1985)), *disc. review denied*, 359 N.C. 412, 612 S.E.2d 324 (2005).

A defendant's motion for appropriate relief may be denied if "the defendant was in a position to adequately raise the ground or issue underlying the [motion for appropriate relief in a previous appeal] but did not do so." N.C. Gen. Stat. § 15A-1419(a)(3) (2005). According to defendant, as the State could have challenged defendant's prior record level in *Dorton I*, we should interpret N.C. Gen. Stat. § 15A-1419(a)(3) "consistent with the rule of lenity" to bar the State from now raising the issue.

The rule of lenity, however, is a rule of statutory construction that requires ambiguity. *Crawford*, 167 N.C. App. at 780, 606 S.E.2d at 378. Defendant does not argue, and we see no reason to conclude, that N.C. Gen. Stat. § 15A-1419 is ambiguous. Moreover, even if N.C. Gen.

Stat. § 15A-1419 were ambiguous, the rule of lenity only applies when an ambiguity potentially increases the "penalty" to which a defendant is exposed. *See, e.g., Crawford,* 167 N.C. App. at 781, 606 S.E.2d at 378 (statutory ambiguity resulted in indictment that charged either a misdemeanor or a felony); *State v. Hanton,* 175 N.C. App. 250, 259, 623 S.E.2d 600, 607 (2006) (statutory ambiguity led to interpretation of out-of-state conviction that was either a Class A1 misdemeanor or a Class 2 misdemeanor). Defendant does not argue, and we again see no reason to conclude, that any ambiguity in N.C. Gen. Stat. § 15A-1419 potentially increases or is even related to penalties. Accordingly, we conclude that the State was not precluded under either the law of the case doctrine or the rule of lenity from challenging defendant's prior record level on remand.

IV

**[5]** Defendant next contends that the State was required to submit a written motion in the trial court giving him notice of the State's intent to present evidence of the assault on a female conviction. As defendant has pointed to no authority suggesting a written motion was required, we need not address this argument. *See* N.C.R. App. P. 28(b)(6) ("Assignments of error . . . in support of which no reason or argument is stated *or authority cited,* will be taken as abandoned." (emphasis added)). In any event, our case law has long held that resentencing during the same session of court, even when new evidence is presented, does not require a written motion. *See, e.g., State v. Quick,* 106 N.C. App. 548, 557-60, 418 S.E.2d 291, 297-98 (resentencing a defendant, in light of a new report from the Department of Correction, following oral motion by the State), *disc. review denied,* 332 N.C. 670, 424 S.E.2d 415 (1992).

**[6]** Defendant also argues that the trial court, by modifying its original resentencing judgment to sentence defendant as having a prior record level of II, impermissibly corrected a judicial, rather than clerical, error. Generally, a trial court may " 'amend its records to correct clerical mistakes or supply defects or omissions therein,' " but may not, " 'under the guise of an amendment of its records, correct a judicial error.' " *State v. Jarman,* 140 N.C. App. 198, 202, 535 S.E.2d 875, 878 (2000) (quoting *Davis,* 123 N.C. App. at 242-43, 472 S.E.2d at 393-94).

Nevertheless, "[u]ntil the expiration of the term, the orders and judgment of a court are *in fieri,* and the judge has the discretion to make modifications in them as he may deem to be appropriate for

the administration of justice." *Quick*, 106 N.C. App. at 561, 418 S.E.2d at 299. Accordingly, "the trial judge may hear further evidence in open court, both as to the facts of the cases and as to the character and conduct of the defendant." *Id. See also State v. Edmonds*, 19 N.C. App. 105, 106-07, 198 S.E.2d 27, 27-28 (1973) (holding that trial court had jurisdiction to modify a judgment two days after its entry to include an active term of imprisonment rather than a suspended sentence).

It is uncontested in the present case that both defendant's 26 and 28 September 2005 resentencing hearings occurred during the same term of criminal court. The trial court did not, therefore, err by modifying its resentencing judgment during that session. *See Quick*, 106 N.C. App. at 561, 418 S.E.2d at 299 (trial court did not err by resentencing defendant the day after his initial sentencing).

V

**[7]** Defendant next contends that, under N.C. Gen. Stat. § 15A-1335 (2005), his new sentence was impermissibly more severe than his prior sentence. N.C. Gen. Stat. § 15A-1335 provides that when a "sentence imposed in superior court has been set aside on direct review or collateral attack, the court may not impose a new sentence for the same offense . . . which is more severe than the prior sentence less the portion of the prior sentence previously served."

Defendant was not, however, sentenced more severely on remand. Defendant was originally sentenced to 92 to 120 months imprisonment. *Dorton I*, 172 N.C. App. at 762, 617 S.E.2d at 100. On resentencing, defendant was ultimately resentenced for the same conviction to 91 to 119 months imprisonment with credit given for the time defendant had already served. Defendant was not, therefore, sentenced more severely at resentencing. *Compare State v. Ransom*, 80 N.C. App. 711, 714, 343 S.E.2d 232, 234 (1986) (new sentence of 18 years did not violate N.C. Gen. Stat. § 15A-1335 when initial sentence was 20 years, regardless whether trial court consolidated offenses differently on resentencing), *cert. denied*, 317 N.C. 712, 347 S.E.2d 450 (1986), *with State v. Hemby*, 333 N.C. 331, 336-37, 426 S.E.2d 77, 80 (1993) (eight-year sentence was "more severe" than prior eight-year sentence only because the number of convictions for which defendant was resentenced had been reduced).

Defendant nevertheless contends that, because this Court "struck" the portion of his prior sentence attributable to *Blakely*

error in *Dorton I*, the highest sentence he could receive on remand was "the maximum for a Class C, Level I," or 73 to 97 months. N.C. Gen. Stat. § 15A-1340.17 (2005). As defendant cites no authority for this novel interpretation of N.C. Gen. Stat. § 15A-1335, we summarily reject it. *See* N.C.R. App. P. 28(b)(6) ("The body of the argument . . . shall contain citations of the authorities upon which the appellant relies.").

## VI

**[8]** Defendant next argues that the trial court erred by failing to find proposed mitigating factors defendant had presented in a written pre-hearing motion and during his first resentencing hearing. According to defendant, the trial court was required to find his proposed mitigating factors because evidence of their existence was both uncontradicted and manifestly credible. *See State v. Spears*, 314 N.C. 319, 321, 333 S.E.2d 242, 244 (1985) (noting that "sentencing judge has a duty to find a statutory mitigating factor when the evidence in support of a factor is uncontradicted, substantial and manifestly credible" (emphasis omitted)).

Contrary to defendant's assertion, however, the trial court need make "findings of the aggravating and mitigating factors present in the offense only if, in its discretion, it departs from the presumptive range of sentences . . . ." N.C. Gen. Stat. § 15A-1340.16(c) (2005). As the trial court in the present case entered a sentence within the presumptive range, the court did not err by declining to formally find or act on defendant's proposed mitigating factors, regardless whether evidence of their existence was uncontradicted and manifestly credible. *See, e.g., State v. Hagans*, 177 N.C. App. 17, 31, 628 S.E.2d 776, 786 (2006) ("Defendant's notion that the court is obligated to formally find or act on proposed mitigating factors when a presumptive sentence is entered has been repeatedly rejected.").

## VII

**[9]** Finally, we address defendant's motion for appropriate relief, in which he contends that he pled no contest to the charges underlying the assault conviction only because the State's attorney "told the defendant he would not use the point from the [assault] conviction . . . in any sentencing in the pending sexual assault charges . . . ." " '[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.' " *State v.*

*Collins*, 300 N.C. 142, 145, 265 S.E.2d 172, 174 (1980) (quoting *Santobello v. New York*, 404 U.S. 257, 262, 30 L. Ed. 2d 427, 433, 92 S. Ct. 495, 499 (1971)). According to defendant, his right to due process and fundamental fairness entitles him to have the use of the prior record point from the assault conviction set aside as a result of his alleged agreement with the State's attorney. *See State v. Sturgill*, 121 N.C. App. 629, 631, 469 S.E.2d 557, 558 (1996) (granting new trial when State promised not to prosecute defendant as a habitual felon in exchange for information regarding his involvement in several break-ins, and State refused to honor the bargain after defendant provided the information).

"When a motion for appropriate relief is made in the appellate division, the appellate court must decide whether the motion may be determined on the basis of the materials before it, *or whether it is necessary to remand the case to the trial division for taking evidence or conducting other proceedings*." N.C. Gen. Stat. § 15A-1418(b) (2005) (emphasis added). Thus, "[a]lthough the statute authorizes the appellate court to initially determine a motion for appropriate relief, where the materials before the appellate court . . . are insufficient to justify a ruling, the motion must be remanded to the trial court for the taking of evidence and a determination of the motion." *State v. Thornton*, 158 N.C. App. 645, 654, 582 S.E.2d 308, 313 (2003) (internal citations omitted).

We cannot, on direct appeal, determine defendant's motion for appropriate relief on the basis of the materials presently before this Court. Defendant has alleged an agreement with the State's attorney that is not reflected in the record—an issue that will require an evidentiary hearing to resolve. Accordingly, we remand defendant's motion for appropriate relief to the trial court. *See id.*

Affirmed; Motion for Appropriate Relief remanded.

Judges LEVINSON and JACKSON concur.