STATE OF NORTH CAROLINA v. CURTIS LEE DAVIS

No. COA95-1056

(Filed 16 July 1996)

**1. Appeal and Error § 182 (NCI4th)— amendments to judgment after notice of appeal—no jurisdiction of court**

The trial court had no jurisdiction, while defendant's case was on appeal, to amend the original order arresting judgment or to amend the judgment and commitment from which he appealed where the amended judgments did not accurately reflect the actual proceedings and therefore were not a proper exercise of the court's inherent power to make its records correspond to the actual facts and "speak the truth."

**Am Jur 2d, Appellate Review §§ 421, 436.**

**2. Criminal Law § 1284 (NCI4th)— arrested judgment on underlying felonies—sentence as habitual felon—error**

The trial court erred by sentencing defendant as a habitual felon after having arrested judgment in all the underlying felonies for which defendant was convicted.

**Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 6-9.**

**Chronological or procedural sequence of former convictions as affecting enhancement of penalty under habitual offender statutes. 7 ALR5th 263.**

**What constitutes "violent felony" for purpose of sentence enhancement under Armed Career Criminal Act (18 USCS sec. 924(e)(1)). 119 ALR Fed. 319.**

**What constitutes three previous convictions for offenses committed on occasions different from one another for purpose of sentence enhancement under Armed Career Criminal Act (18 USCS sec. 924(e)). 123 ALR Fed. 397.**

**3. Criminal Law § 980 (NCI4th)— arrested judgment based on judge's misstatement—guilty verdicts remain**

Where the judgment is arrested because of a misstatement of the trial judge, no other basis appearing, and there is no impediment to the entry of a lawful judgment, the guilty verdicts remain

on the docket and judgment on those convictions may be entered upon remand.

**Am Jur 2d, Criminal Law § 524.**

Appeal by defendant from judgment entered 21 February 1995 by Judge Lester P. Martin, Jr., in Guilford County Superior Court. Heard in the Court of Appeals 15 May 1996.

*Attorney General Michael F. Easley, by Associate Attorney General Teresa L. Harris, for the State.*

*John D. Bryson for defendant-appellant.*

MARTIN, John C., Judge.

Defendant was indicted for felonious breaking or entering, felonious larceny and felonious possession of property stolen pursuant to the breaking or entering. By a separate indictment pursuant to G.S. § 14-7.3, he was charged with having committed the foregoing offenses while being an habitual felon. A jury returned verdicts finding defendant guilty of felonious breaking or entering, felonious larceny and felonious possession of property stolen pursuant to a breaking or entering. Defendant then admitted his status as an habitual felon. The record reflects the entry of a written order providing, in pertinent part, as follows:

> Motion is made by the State to Arrest Judgment as to Felonious Breaking and Entering, Larceny, and Possession of Stolen Goods due to double jeopardy, being the defendant pled Guilty to being a Habitual Felon. Motion is allowed.

> It is therefore ORDERED by the Court to Arrest Judgment as to Felonious Breaking and Entering, Larceny, and Possession of Stolen Goods and the Court in its discretion will sentence the defendant on the Habitual Felon charge.

The trial court then entered a judgment and commitment sentencing defendant to a twenty-five year term of imprisonment as an habitual felon. Defendant gave notice of appeal.

Defendant served the proposed record on appeal upon the State, containing a single assignment of error that the trial court had committed error by sentencing defendant as an habitual felon after arresting judgment as to the underlying felonies. The State objected to the inclusion of the above quoted portion of the trial court's order arrest-

ing judgment in the record on appeal. The trial court conducted a hearing to settle the record on appeal and found that the order arresting judgment and the judgment and commitment "do not accurately reflect the Court's judgment as delivered in open Court on 21 February 1995." The trial court entered an amended judgment, providing in pertinent part, as follows:

> The Jury returns into open court with its verdict and finds the defendant Guilty of Felonious Breaking and Entering, Larceny, and Possession of Stolen Goods.
>
> Motion is made by the State to Arrest Judgment as to Possession of Stolen Goods. Motion is allowed.
>
> IT IS THEREFORE ORDERED by the Court to Arrest Judgment as to Possession of Stolen Goods.

The trial court entered an amended judgment and commitment in cases 94 CRS 9213 and 94 CRS 20109 sentencing defendant to a twenty-five year term of imprisonment for felonious breaking or entering and felonious larceny while being an habitual felon. The amended judgment and amended judgment and commitment were ordered to be made a part of the record on appeal.

The record on appeal was filed and docketed in this Court on 20 September 1995. Thereafter, defendant moved to amend the record to assert a second assignment of error and his motion was allowed.

I.

[1] Initially, we consider defendant's second assignment of error, by which he asserts the trial court had no jurisdiction, while the case was on appeal, to amend the original order arresting judgment or to amend the judgment and commitment from which he appealed. The assignment of error has merit.

The general rule is that the jurisdiction of the trial court is divested when notice of appeal is given, except that the trial court retains jurisdiction for matters ancillary to the appeal, including settling the record on appeal. N.C. Gen. Stat. § 15A-1448(a)(3); N.C. Gen. Stat. § 15A-1453; N.C.R. App. P. 11; *Bowen v. Motor Co.*, 292 N.C. 633, 234 S.E.2d 748 (1977); *Lawing v. Lawing*, 81 N.C. App. 159, 344 S.E.2d 100 (1986). In addition, a court of record has the inherent power to make its records speak the truth and, to that end, to amend its records to correct clerical mistakes or supply defects or omissions

therein. *State v. Cannon*, 244 N.C. 399, 94 S.E.2d 339 (1956). 19 Strong's N.C. Index 4th *Judgments* § 92 (1989). In doing so, however,

> the court is only authorized to make the record correspond to the actual facts and cannot, under the guise of an amendment of its records, correct a judicial error or incorporate anything in the minutes except a recital of what actually occurred.

*Cannon*, 244 N.C. at 404, 94 S.E.2d at 342.

Our review of the trial transcript in this case reveals no motion by the State to arrest judgment as to the charge of possession of stolen property, and no indication that the court did so *ex mero motu*. Indeed, the judgment of the court, as rendered in open court, indicates that the court did not arrest judgment as to any of the three felonies for which defendant was convicted by the jury. After the court accepted the jury's verdicts, defendant admitted the existence of prior convictions necessary to establish his status as an habitual felon. The trial court then entered judgment as follows:

> Stand up, please, Mr. Davis.
>
> In this case, the Court would find that, in addition to these three convictions which comprise the habitual felon charge, you have also other convictions that would be aggravating factors outweighing any mitigating factors. And it's the judgment of the Court you should be confined to the Department of Correction for a period of 25 years.

Thus, we must conclude that the amended judgments do not accurately reflect the actual proceedings and, therefore, were not a proper exercise of the court's inherent power to make its records correspond to the actual facts and "speak the truth." To the contrary, it appears that the amended judgments impermissibly corrected a judicial error. Though the original judgment clearly does not reflect the intentions of the trial court, the court was without jurisdiction to amend the judgments in the course of settling the record on appeal; accordingly, they must be vacated.

## II.

[2] Because the amended judgments must be vacated, the trial court's original order arresting judgment remains in effect, and we must also sustain defendant's first assignment of error that the trial court erred by sentencing defendant as an habitual felon after having arrested judgment in all the underlying felonies for which defendant

was convicted. "Being an habitual felon is not a crime but is a status the attaining of which subjects a person thereafter convicted of a crime to an increased punishment for that crime. The status itself, standing alone, will not support a criminal sentence." *State v. Allen*, 292 N.C. 431, 435, 233 S.E.2d 585, 588 (1977). The original judgment and commitment from which defendant appeals is, therefore, vacated.

### III.

**[3]** Having decided that the original judgment and commitment, the amended judgment arresting judgment, and the amended judgment and commitment must be vacated, we are left with the question of the effect of the trial court's original order arresting judgment as to all three of the felonies for which defendant was convicted.

> A motion in arrest of judgment is proper when it is apparent that no judgment against the defendant could be lawfully entered because of some fatal error appearing in (1) the organization of the court, (2) the charge made against the defendant (the information, warrant or indictment), (3) the arraignment and plea, (4) the verdict, and (5) the judgment (citations omitted).

*State v. Perry*, 291 N.C. 586, 589, 231 S.E.2d 262, 265 (1977). In certain cases, an arrest of judgment based upon one of the above grounds operates to vacate the verdict; however in other instances "an arrest of judgment serves only to withhold judgment on a valid verdict which remains intact." *State v. Pakulski*, 326 N.C. 434, 439, 390 S.E.2d 129, 132 (1990). When the basis for an order arresting judgment is a fatal flaw appearing on the face of the record, the verdict must be vacated and the State must seek a new indictment in order to prosecute the defendant. *Id.*

However, where, as here, the judgment is arrested because of what is clearly demonstrated as the result of a misstatement of the trial judge, no other basis appearing, and there is no impediment to the entry of a lawful judgment, we hold that the guilty verdicts remain on the docket and judgment on those convictions may be entered upon remand. *See, eg., State v. Hall*, 183 N.C. 806, 112 S.E. 431 (1922) (where trial court arrested judgment on a manslaughter conviction under a mistaken assumption, Supreme Court held that because no legal impediment existed, the arrest of judgment was set aside and the case was remanded for resentencing); *Pakulski*, 326 N.C. 434, 439,

STATE v. DAVIS

[123 N.C. App. 240 (1996)]

390 S.E.2d 129, 132 (where judgment was arrested upon the predicate felonies in a felony murder case to avoid double jeopardy, then on retrial the felony murder charge was dropped, Supreme Court held that as no legal impediment remained requiring the arrest of the predicate felonies, the defendant could be sentenced upon those convictions).

In the case before us, though judgment must be arrested as to defendant's conviction for felonious possession of stolen property, *State v. Perry*, 305 N.C. 225, 287 S.E.2d 810 (1982) (holding that although larceny and possession of stolen property are separate and distinct offenses, the Legislature did not intend to punish a defendant for larceny of property and possession of the same property that he stole), there is no legal impediment to the imposition of sentence in either of the convictions for felonious breaking or entering, or felonious larceny, and to the enhancement of the punishment by reason of defendant's status as an habitual felon. Thus, the verdicts remain valid and intact and the trial court's order arresting judgment has served simply to withhold judgment on those verdicts.

In summary, the original judgment and commitment of the trial court in Case No. 94 CRS 20109 is vacated; the amended judgment and amended judgment and commitment in Cases No. 94 CRS 9213 and 94 CRS 20109 are vacated, and these cases are remanded to the trial court for a sentencing hearing and the entry of judgment consistent with this opinion.

Case No. 94 CRS 20109—Judgment and Commitment Vacated.

Case Nos. 94 CRS 20109 and 94 CRS 9213—Amended Judgment and Amended Judgment and Commitment Vacated; Remanded for resentencing.

Judges GREENE and WALKER concur.