STATE OF NORTH CAROLINA v. DEBORAH FAYE BROGDEN

No. COA99-627

(Filed 18 April 2000)

## 1. Criminal Law— verdict—amended by court—greater offense created

It was plain error for the trial court to amend a jury verdict for misdemeanor assault on a government official to a felony conviction for assault with a deadly weapon upon a government official where defendant was indicted for the felony, the trial court instructed on the misdemeanor, the verdict sheet listed the misdemeanor, the jury returned verdicts of guilty of assault on a government official and assault with a deadly weapon, and the State moved to amend the judgment after the jury returned the verdict. Reading the two verdicts together, the jury found all of the elements of assault with a deadly weapon upon a government official, but a verdict can only be attacked under the limited circumstances provided by N.C.G.S. § 15A-1240. It is plain error for a judge to amend a verdict to create a greater offense when the jury returned a verdict of a lessor offense.

## 2. Criminal Law— erroneously arrested judgment—remand—no impediment to reinstatement

There is no legal impediment on remand to ordering entry of an arrested judgment for assault with a deadly weapon where the court mistakenly submitted to the jury assault with a deadly weapon and misdemeanor assault on a government official rather than the felony of assault with a deadly weapon on a government official, increased the misdemeanor verdict to the felony and arrested judgment on the assault with a deadly weapon, and the case was remanded on appeal. There was no error in the verdict of guilty of assault with a deadly weapon and the trial judge

**STATE v. BROGDEN**

[137 N.C. App. 579 (2000)]

arrested judgment on that charge only after erroneously amending the verdict of guilty of assault on a government official.

Appeal by defendant from judgment entered 19 August 1998 by Judge W. Erwin Spainhour in Superior Court, Rowan County. Heard in the Court of Appeals 14 March 2000.

*Michael F. Easley, Attorney General, by Jeffrey C. Sugg, Associate Attorney General, for the State.*

*Thomas M. King for the defendant-appellant.*

WYNN, Judge.

Since the resolution of the issues in this appeal turn upon matters of law, a detailed recitation of the facts of this case is unnecessary. Essential to understanding the outcome of this appeal is that the defendant, Deborah Faye Brogden, a former government employee, pointed and fired a gun at one of her former supervisors.

In one indictment (97 CrS 16059), the State charged Ms. Brogden with assault with a deadly weapon with intent to kill. In its second indictment (98 CrS 8327), the State charged her with assault with a deadly weapon on a government official. At trial, Ms. Brogden appeared without a lawyer.

At the close of all evidence, the trial judge instructed the jury on the following charges: (1) assault with a deadly weapon with intent to kill, (2) assault with a deadly weapon, and (3) assault on a government official. The trial judge did not instruct the jury on the charge of assault *with a deadly weapon* on a government official. Indeed, the jury verdict sheet listed, *inter alia,* assault on a government official; it did *not* include the option "guilty of assault with a deadly weapon on a government official."

The jury returned the following verdicts:

(1) NOT GUILTY—assault with a deadly weapon with intent to kill

(2) GUILTY—assault with a deadly weapon

(3) GUILTY—assault on a government official

Upon recognizing that the jury returned a verdict on the misdemeanor offense of assault on a government official, rather than the felony offense of assault with a deadly weapon on a government offi-

cial, the State moved to amend the jury verdict to read: "assault *with a deadly weapon* on a government official." In response, the trial judge asked the jury to clarify its verdict—were they finding Ms. Brogden guilty of assault with a deadly weapon on a government official? The jury responded yes. The trial judge next asked if anyone on the jury disagreed with the altered verdict; no one disagreed. The trial judge granted the State's motion and amended the jury's verdict by adding the words "with a deadly weapon."

Thereafter, the trial judge arrested the judgment for the assault with a deadly weapon charge and sentenced the defendant to 20 to 24 months of imprisonment on the amended charge of assault with a deadly weapon on a government official. The defendant appealed.

[1] The sole issue on appeal is whether the trial court erred by amending the jury verdict to enhance the defendant's conviction to the felony of assault with a deadly weapon upon a government official. Finding error, we remand this matter for resentencing.

Since the defendant did not object to the amendment of the verdict at trial, under N.C.R. App. P 10(b)(2) and *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983), we review the record for plain error only.

A trial court has wide discretion as to how a jury is charged. *See State v. Mundy*, 265 N.C. 528, 529, 144 S.E.2d 572, 573 (1965). However, the trial court must explain each essential element of the offense charged. *See State v. Gooch*, 307 N.C. 253, 256, 297 S.E.2d 599, 601 (1982). Under N.C. Gen. Stat. § 14-34.2 (1993), an essential element of the offense of assault with a deadly weapon on a government official is the use of a firearm or other deadly weapon to commit the assault.

In the present case, the trial court did not properly instruct the jury on the charge of assault with a deadly weapon on a government official; rather, the trial court instructed on the charge of assault on a government official. After the jury returned a verdict upon the offense of assault on a government official, the trial court amended that verdict to enhance the conviction to a felony. But a verdict in a criminal case can only be reached after jury deliberations. N.C. Gen. Stat. § 15A-1236 (1997). And once the verdict is returned in open court, it can only be attacked under the limited circumstances provided by N.C. Gen. Stat. § 15A-1240 (1997). The State's motion to amend the verdict did not comport with any of the challenges allow-

able under § 15A-1240, and we cannot find any legal precedent supporting the State's motion to amend a verdict rendered after deliberation.

The State points out that the record contains substantial evidence that the defendant used a deadly weapon to commit an assault against a government official. In fact, the jury found the defendant guilty of assault with a deadly weapon, and therefore must have determined that the defendant did in fact assault her supervisor with a deadly weapon. The State argues that because the jury found the defendant guilty of assault with a deadly weapon, it *would have* found the defendant guilty of assault with a deadly weapon on a government official, had the trial court properly instructed the jury. The State concludes, therefore, that the instructional error and subsequent amendment to the verdict did not alter the jury's finding of guilt. *See State v. Wallace,* 104 N.C. App. 498, 410 S.E.2d 226 (1991), *review denied,* 331 N.C. 290, 416 S.E.2d 398, *cert. denied,* 506 U.S. 915, 121 L. Ed. 2d 241 (1992).

The State's argument is persuasive but not controlling. Indeed, reading the two guilty verdicts together, the jury did find all of the elements of assault with a deadly weapon upon a government official. But it is plain error for a judge to amend a verdict to create a greater offense when the jury returned a verdict of guilty of a lessor offense. To hold otherwise would effectively allow the trial court to eviscerate the role of the jury by changing the jury's verdict to create an offense greater than the one found by the jury. Such an encroachment upon the function of the jury would unfairly violate a defendant's right to due process under the Fourteenth Amendment to the United States Constitution and Article I, Section 19 of the North Carolina Constitution. *See State v. Tolley,* 290 N.C. 349, 373, 226 S.E.2d 353, 371 (1976) (holding that due process of law "requires all courts to insure that elementary fairness toward one charged with an offense is not infringed").

But we disagree with the defendant's contention that because of this error all charges against her must be dismissed. The jury properly found the defendant guilty of two charges—assault with a deadly weapon and assault on a government official. There were no errors in the trial itself, only after the jury returned its verdict. Accordingly, we first vacate the judgment and remand this case for re-sentencing on the misdemeanor charge of assault on a government official. *See Gooch, supra.*

**[2]** Secondly, we consider whether the arrested judgment on the charge of assault with a deadly weapon may be entered upon remand. When the order for an arrest of judgment is based on a fatal flaw appearing on the face of the record, such as a substantive error in the indictment, the arrest of judgment operates to vacate the verdict. *See State v. Pakulski*, 326 N.C. 434, 439, 390 S.E.2d 129, 132 (1990); *State v. Davis*, 123 N.C. App. 240, 244, 472 S.E.2d 392, 394 (1996). However, where the judgment was arrested because of a mistake on the part of the trial judge, and there is no impediment to the entry of a lawful judgment, an arrested judgment may be entered upon remand. *See Davis*, 123 N.C. App. at 244, 472 S.E.2d at 394.

In this case, there was no error in the verdict of guilty of assault with a deadly weapon. Since the trial court arrested judgment on this charge only after erroneously amending the verdict of guilty of assault on a government official, we hold that there is no legal impediment in ordering the entry of the arrested judgment.

Judgment in 98 CrS 8327 vacated and remanded for re-sentencing on the conviction of assault on a government official.

Arrested judgment in 97 CrS 16059 set aside and remanded for sentencing on the conviction of assault with a deadly weapon.

Judges MARTIN and HUNTER concur.