*585 BRYANT, Judge.
*119 Where the trial court failed to make statutorily required findings of fact addressing statutory mitigating factors prior to sentencing juvenile defendant to life imprisonment without the possibility of parole, we vacate the sentence imposed and remand for a new sentencing hearing. Further, where the trial court had no jurisdiction to enter findings of fact after defendant gave notice of appeal, we vacate the order entered upon those findings.
On 25 February 2013, a Pitt County grand jury indicted defendant Jahrheel Ikle May on one count of first-degree murder and one count of armed robbery of Anthony Johnson. The matter came on for jury trial during the 13 July 2015 criminal session of Pitt County Superior Court, the Honorable W. Russell Duke, Jr., Judge presiding.
*120 The evidence admitted at trial tended to show that on 2 January 2013, sixteen-year-old defendant May discussed committing a robbery with his older cousin Demetrius Smith: breaking into the home of a "pill dude" who lived in the same Westpointe community of Greenville. Smith believed the "pill dude" had a lot of prescription medication pills. Around 8:00 p.m., Smith drove to defendant's home, where defendant was sitting on the patio with two other men. Smith had intended to talk with defendant about the robbery, but stopped short of doing so. "[M]e and [defendant] were like, nah, we talking around too many people and we-we didn't know if the [pill] dude was home or not so we were just like forget it instead of taking a chance." But shortly afterwards, defendant said he needed to go to the store and borrowed Smith's car for "[p]robably 15, 10 minutes." Following his return, Smith heard sirens and asked defendant, "Did you do something with my car?" Defendant responded that he did not.
The evidence further showed that at about 8:20 p.m. that evening, two men were observed "tussling" in front of a vehicle parked on Westridge Court. Gunshots were fired. The larger of the two men crawled toward the door of a residence, while the smaller man entered the vehicle and drove away. Law enforcement officers soon found Anthony Johnson deceased outside the residence on Westridge Court. Two days later, defendant was arrested and charged with first-degree murder and armed robbery.
While in jail awaiting trial, defendant talked to an inmate about the events leading to Johnson's death. At trial, the inmate testified on behalf of the State to conversations he had with defendant about the shooting, including details the police had not made public. Defendant presented no evidence.
Defendant was convicted of the first-degree murder of Johnson on the basis of malice, premeditation and deliberation, and on the basis of the felony murder rule. Defendant was also convicted of attempted robbery with a dangerous weapon.
At sentencing, several witnesses testified on defendant's behalf: defendant's guidance counselor; an assistant principal; a retired pastor, who was also a correctional officer; a principal of the middle school defendant attended; defendant's mother; defendant's father; and defendant's grandmother. The witnesses testified consistently that defendant was a popular student at school, an athlete, "captain material," "a good kid," and an honors student taking advanced courses. The trial court entered judgment on 16 July 2015 as follows: On the charge of attempted armed robbery with a dangerous weapon, defendant was sentenced to a *121 term of 64 to 89 months; on the charge of first-degree murder, defendant was sentenced to life imprisonment without the possibility of parole. The sentences were to be served consecutively. Immediately after judgment was entered on 16 July 2015, defendant gave oral notice of appeal.
Almost a month later, on 11 August 2015, the trial court entered an order making findings of fact based on N.C. Gen. Stat. § 15A-1340.19B to support its determination that defendant should be sentenced to life imprisonment without the possibility of parole, as opposed to a lesser sentence of life imprisonment with the possibility of parole.
_________________________
On appeal, defendant argues the trial court erred by sentencing him to life imprisonment without the possibility of parole, where the *586 trial court failed to make findings of fact and conclusions of law in support of the sentence. Defendant also brings forth several other arguments-e.g., that there was insufficient evidence that defendant was permanently incorrigible; that there was sufficient evidence to demonstrate defendant's crime was the result of transient immaturity; and that the trial court failed to make findings as to all mitigating factors. However, based on our holding as to defendant's first argument, we do not address the remaining ones.
Analysis
Defendant argues that the trial court erred by failing to make findings of fact on the presence of mitigating factors before sentencing him to life in prison without the possibility of parole, and further, the trial court lacked jurisdiction to make findings after defendant gave notice of appeal. We agree.
"The Eighth Amendment's prohibition of cruel and unusual punishment 'guarantees individuals the right not to be subjected to excessive sanctions.' " Miller v. Alabama , 567 U.S. 460, 469, 132 S.Ct. 2455, 2463, 183 L.Ed.2d 407, 417 (2012) (quoting Roper v. Simmons , 543 U.S. 551, 560, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005) ). "In Miller ... , the Court held that a juvenile convicted of a homicide offense could not be sentenced to life in prison without parole absent consideration of the juvenile's special circumstances in light of the principles and purposes of juvenile sentencing." Montgomery v. Louisiana , --- U.S. ----, ----, 136 S.Ct. 718, 725, 193 L.Ed.2d 599, 610 (2016). In Miller , the Court reasoned that " Roper and Graham [v. Florida , 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010),] establish that children are constitutionally different from adults for purposes of sentencing. Because juveniles have diminished culpability and greater prospects for reform, we explained, 'they are less deserving of the most severe punishments.' "
*122 Miller , 567 U.S. at 471, 132 S.Ct. at 2464, 183 L.Ed.2d at 418 (quoting Graham , 560 U.S. at 68, 130 S.Ct. 2011, 176 L.Ed.2d 825 ). " Miller requires that before sentencing a juvenile to life without parole, the sentencing judge take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." Montgomery , --- U.S. ----, 136 S.Ct. at 733, 193 L.Ed. 2d at 619 (citation omitted).
In response to the Miller decision, our General Assembly enacted N.C. Gen. Stat. § 15A-1476 et seq. ("the Act"), entitled "An act to amend the state sentencing laws to comply with the United States Supreme Court Decision in Miller v. Alabama ." N.C. Sess. Law 2012-148. The Act applies to defendants convicted of first-degree murder who were under the age of eighteen at the time of the offense. N.C. Gen. Stat. § 15A-1340.19A.
State v. Lovette , 225 N.C. App. 456, 470, 737 S.E.2d 432, 441 (2013) (footnote omitted). Pursuant to General Statutes, section 15A-1340.19B (entitled "Penalty determination"), when a defendant is sentenced to life in prison for first-degree murder under some theory other than the felony murder rule, which compels a sentence of life in prison with parole, "the court shall conduct a hearing to determine whether the defendant should be sentenced to life imprisonment without parole, as set forth in G.S. 14-17, or a lesser sentence of life imprisonment with parole." N.C. Gen. Stat. § 15A-1340.19B(a)(2) (2015). In making its determination,
[t]he court shall consider any mitigating factors in determining whether, based upon all the circumstances of the offense and the particular circumstances of the defendant, the defendant should be sentenced to life imprisonment with parole instead of life imprisonment without parole. The order adjudging the sentence shall include findings on the absence or presence of any mitigating factors and such other findings as the court deems appropriate to include in the order.
Id. § 15A-1340.19C(a).[1] "This Court has held that 'use of the language "shall" ' is a mandate *587 to trial judges, and that failure to comply with the statutory mandate is reversible error." *123 State v. Antone , 240 N.C. App. 408, 410, 770 S.E.2d 128, 130 (2015) (quoting In re Eades , 143 N.C. App. 712, 713, 547 S.E.2d 146, 147 (2001) ).
Here, on 11 August 2015-more than fourteen days after entry of judgment and defendant's notice of appeal-the trial court entered an order making findings of fact pursuant to section 15A-1340.19B. However, "[t]he jurisdiction of the trial court with regard to the case is divested ... when notice of appeal has been given and [the period for giving notice of appeal (fourteen days from entry of judgment in a criminal appeal) ] has expired." N.C. Gen. Stat. § 15A-1448(a)(3) (2015) ; see also N.C. R. App. P. 4(a)(2) ("Any party entitled by law to appeal from a judgment or order of a superior or district court rendered in a criminal action may take appeal by (1) giving oral notice of appeal at trial, or (2) filing notice of appeal with the clerk of superior court ... within fourteen days after entry of the judgment...."). At that point, "the court is only authorized to make the record correspond to the actual facts and cannot, under the guise of an amendment of its records, correct a judicial error or incorporate anything in the minutes except a recital of what actually occurred." State v. Davis , 123 N.C. App. 240, 243, 472 S.E.2d 392, 394 (1996) (quoting State v. Cannon , 244 N.C. 399, 404, 94 S.E.2d 339, 342 (1956) ).
The trial court, in the instant case, erred by entering judgment sentencing defendant to life imprisonment without parole without making the statutorily required findings of fact. Further, because defendant gave immediate notice of appeal from the judgment, we hold the trial court was without authority to enter the 11 August 2015 order in a belated attempt at compliance with N.C. Gen. Stat. § 15A-1340.19B.[2] Thus, the trial court failed to comply with the statutory mandate of N.C. Gen. Stat. § 15A-1340.19B, amounting to reversible error. See Antone , 240 N.C. App. at 412, 770 S.E.2d at 130 -31 (vacating the order and judgment of the trial court and remanding for a new sentencing hearing where the trial court failed to set out findings in consideration of four mitigating factors enumerated in section 15A-1340.19B(c) ). Accordingly, we vacate the 16 July 2015 judgment sentencing defendant to a term of life imprisonment without the possibility of parole, and we remand the matter for a *124 new sentencing hearing consistent with the statutory obligations in N.C. Gen. Stat. §§ 15A-1340.19B, -1340.19C. We also vacate the trial court's 11 August 2015 order as the court was without jurisdiction to enter the order at that time. See Davis , 123 N.C. App. at 243, 472 S.E.2d at 394.
The judgment of the trial court entered 16 July 2015 imposing a sentence of life imprisonment without parole is VACATED AND REMANDED, and the trial court order of 11 August 2015 is VACATED.
Judge DAVIS concurs.
Judge STROUD concurs with separate opinion.

Section 15A-1340.19B includes the following as mitigating factors that may be submitted to the trial court:
(1) Age at the time of the offense[;] (2) Immaturity[;] (3) Ability to appreciate the risks and consequences of the conduct[;] (4) Intellectual capacity[;] (5) Prior record[;] (6) Mental health[;] (7) Familial or peer pressure exerted upon the defendant[;] (8) Likelihood that the defendant would benefit from rehabilitation in confinement[; and] (9) Any other mitigating factor or circumstance.
N.C. Gen. Stat. § 15A-1340.19B(c) (2015).

We also note that the State concedes error by the trial court as the court lacked jurisdiction to make findings of fact after defendant had given notice of appeal.