STROUD, Judge, concurring.
I concur in the result only, reluctantly, because prior precedent of this Court requires it.
Our trial courts and this Court have struggled with the proper application of the Miller factors in first degree murder convictions of defendants under 18 at the time of the crime. See generally Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). The application of the Miller factors is a discretionary ruling and has no hard and fast rules, nor should it. See generally id. But the United States Supreme Court's ruling in Montgomery v. Louisiana establishes that the trial court must be able to find that the defendant is "permanent[ly] incorrigibl[e]" or "irreparab[ly] corrupt[ ]" before sentencing him to life imprisonment without the possibility of parole. 577 U.S. ----, ----, 136 S.Ct. at 726-34, 193 L.Ed.2d 599, 611-20 (2016). "Permanent" means forever. "Irreparable" means beyond improvement. In other words, the trial court should be satisfied that in 25 years, in 35 years, in 55 years-when the defendant may be in his seventies or eighties-he will likely still remain incorrigible or corrupt, just as he was as a teenager, so that even then parole is not appropriate. That is a very high standard, which is why the Supreme Court stated that life imprisonment without the possibility of parole should be "rare[.]" Id. at ----, 136 S.Ct. at 726-27, 193 L.Ed.2d at 611.
If our courts consistently interpret evidence of each factor as "not mitigating" no matter what the evidence is-and they are free to do so, as I noted in my concurring opinion in State v. May , --- N.C. App. ----, 804 S.E.2d 584 (2017) -defense attorneys will have no way of knowing what sort of evidence to present in mitigation. For example, a low IQ can be seen as mitigating, since it lessens the defendant's culpability; it can also be seen as not mitigating, because the defendant may be less able to take advantage of programs in prison which may improve him, such as obtaining a GED. Here, the trial court even noted in finding of fact seven that although defendant presented certain evidence intended as mitigating evidence, it found the evidence to be the opposite. Defense attorneys may damage a defendant's case when trying to help it, since any evidence they use can be turned against them. But the trial court's *684 opinion addressed each factor as required by North Carolina General Statute § 15A-1340.19B, and though I agree with defendant that the trial court focused more on whether he is "dangerous" than permanently incorrigible or irreparably corrupt, under North Carolina's case law, that is within its discretion.
I therefore concur in result only.